UNITED STATES DISTRICT COURT
FILED
NOV - 6 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD MARK BALE,

Plaintiff,

v.

25-CV-0389 (JLS)

ELLICOTT CENTER FOR REHAB NURSING, Finance Department, formerly known as Waterfront; DEE ANNA, Manager; and AMY L/N/U,

Defendants.

---

## DECISION AND ORDER

*Pro se* Plaintiff Richard Mark Bale commenced this action arising from his stay at the Ellicott Center for Rehab Nursing. Dkt. 1. Bale was granted leave to proceed *in forma pauperis* ("IFP"). Dkt. 3.

Because Bale was granted permission to proceed IFP, the Court screened his complaint (Dkt. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B). *See generally* Dkt. 3 ("the initial screening order"). The Court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction, but with leave to amend.

Bale since filed an amended complaint. Dkt. 4. For the reasons below, the amended complaint, too, fails to allege subject-matter jurisdiction and, therefore, is dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 12(h)(3).

## DISCUSSION

### I. LEGAL STANDARDS

A court shall dismiss a complaint in a civil action in which an individual who is proceeding IFP seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii). Relevant here, a Court must also dismiss a complaint *sua sponte* when it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (where the court lacks subject-matter jurisdiction, it "must dismiss the action").

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savs. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). Permission to amend, however, "is not required where the plaintiff has already been afforded the opportunity to amend." *Bivona v. McLean*, No. 9-19-CV-0303 (MAD) (TWD), 2019 WL 2250553, at *5 (N.D.N.Y. May 24, 2019) (citing cases); *Cancel v. N.Y. City Hum. Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42, 44 (2d Cir. 2013) ("[T]he district court had already permitted [the plaintiff] to amend his complaint once, and nothing in his amended complaint suggested that he would be able to state a valid . . . claim if he were granted leave to amend a second time.

Therefore, granting [the Plaintiff] leave to amend his amended complaint as to these claims would have been futile."); *Cato v. Zweller*, No. 6:21-CV-6207 EAW, 2023 WL 8653857, at *2 (W.D.N.Y. Dec. 14, 2023) (dismissing amended complaint with prejudice because it did "not remedy any of the pleading deficiencies identified in the Screening Order").

## II. ALLEGATIONS

Like the original complaint, the handwritten amended complaint is difficult to decipher. As best the Court can tell, Bale alleges that a "green, large phone cord" was stolen from his dresser while at the Ellicott Center. Dkt. 4, at 4. Bale also alleges that an "older woman employed in [the] activities dep[artment] of [the] Ellicott Center" poured "hot scalding coffee on [his] arm[.]" *Id.*

## III. ANALYSIS

As set forth in the initial screening order, "[s]ubject[-] matter jurisdiction requires either diversity jurisdiction or federal[-]question jurisdiction." *Smulley v. Safeco Ins. Co. of Ill.*, No. 21-2124-CV, 2022 WL 16753118, at *1 (2d Cir. Nov. 8, 2022) (citing 28 U.S.C. §§ 1331, 1332). The amended complaint fails to establish either.

### A. Federal-Question Jurisdiction

The amended complaint does not contain a specific reference to a violation of the Constitution or any federal statute. And even if the amended complaint could be construed as attempting to assert a Section 1983 claim, it fails to allege facts to suggest that any of Bale's constitutional rights were violated by a state

actor. There are no facts indicating that the individuals responsible for the alleged theft or the alleged burning with coffee—or their employer—were state actors, or that the "challenged actions are 'fairly attributable' to the state." *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

**B. Diversity Jurisdiction**

As set forth in the initial screening order, diversity jurisdiction requires (1) complete diversity of citizenship between the parties, and (2) a "reasonable probability" that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The amended complaint alleges no facts to suggest the diversity of citizenship or the minimum required amount in controversy.

## CONCLUSION

For the reasons set forth above, the amended complaint is dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 12(h)(3), for lack of subject-matter jurisdiction. Plaintiff may pursue any claims he has against the Defendants in state court.

## ORDER

IT HEREBY IS ORDERED that the amended complaint is dismissed, without prejudice, under Federal Rule of Civil Procedure 12(h)(3), for lack of subject-matter jurisdiction; and it is further

ORDERED that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, denies leave to appeal to the Court of Appeals as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

Dated: November 6, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE